AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois



| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Neil Quick | ) | Case No. |
| | ) | 18- 7174 |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __November 15, 2018__ in the county of __Champaign__ in the __Central__ District of __Illinois__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) | Possession of 50 grams or more of methamphetamine with intent to distribute |

This criminal complaint is based on these facts:

See affidavit of DEA Special Agent Martin Santoyo

☐ Continued on the attached sheet.

s/Martin Santoyo
_____
*Complainant's signature*

Martin Santoyo, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

s/Eric I Long

Date: 11/16/2018
_____
*Judge's signature*

City and state: Urbana, IL

Eric I. Long, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Martin Santoyo, being first duly sworn, hereby depose and state as follows:

1. I, Martin Santoyo, am a Special Agent with the Drug Enforcement Administration, and have been since September 2016. I am currently assigned to the Springfield Resident Office ("SRO"), Springfield, Illinois, in an enforcement group investigating violations under Titles 18 and 21 of the United States Code. Prior to my employment with the DEA, I was employed as a Legal Investigator with the Will County Public Defender's Office in Joliet, Illinois, for approximately 3 years. I attended the DEA Basic Agent training in Quantico, Virginia. During that period, I was trained in the investigation of controlled substances under federal law, including but not limited to drug identification, writing reports, court testimony, tactical operations and defensive tactics, evidence collection, and undercover operations.

2. The information contained in this affidavit is based upon my personal knowledge of this investigation, and upon information provided by other law enforcement personnel. This affidavit does not contain all of the facts known to agents, only those believed to be necessary to establish probable cause.

3. This affidavit is submitted in support of a complaint charging **NEIL QUICK** (DOB: 07/27/1973), with the possession of 50 grams or more of methamphetamine with the intent to distribute, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841 (a)(1) and (b)(1)(A).

## PROBABLE CAUSE

4. On November 14, 2018, your affiant obtained a federal search warrant for 618 County Road 100 E., Ivesdale, Illinois 61851, the residence of **NEIL QUICK**.

5. For safety reasons, on November 15, 2018, DEA SRO and the Champaign Street Crimes Task Force (CSCTF) formulated a plan to arrest QUICK away from the aforementioned

1

address for prior controlled drug purchases from the defendant. At approximately 1:30 p.m., DEA Task Force Officer Nick Krippel and I arrested QUICK. At approximately 1:45 p.m., I read QUICK his *Miranda* warnings. We advised QUICK that DEA had been investigating him for the distribution of methamphetamine. We then asked QUICK if there was any methamphetamine at his residence. QUICK advised there would be approximately 3 ounces inside.

6. DEA TFO Krippel and I transported QUICK to the aforementioned address. QUICK advised that the residence was unoccupied and that the door was unlocked. At approximately 2:49 p.m., DEA and the CSCTF executed the warrant at 618 County Road 100 E., Ivesdale, Illinois 61851. Agents did not find any other individuals inside the aforementioned address, and located mail indicia addressed to QUICK during the search.

7. During the search of the residence, agents located a clear plastic baggie containing suspected "ice" methamphetamine inside of a cup located in the kitchen cabinets. The suspected methamphetamine was field-tested, and field-tested positive for the presence of methamphetamine. The methamphetamine weighed approximately 72.01 grams, with packaging. The methamphetamine will be sent to the DEA North Central Laboratory for further analysis. From training and experience, I know that 72 grams of methamphetamine is a distribution amount of methamphetamine and not an amount for personal use.

FURTHER AFFIANT SAYETH NOT.

s/Martin Santoyo

_____
Martin Santoyo, Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me this __16th__ day of November, 2018.
s/Eric I Long

_____
HONORABLE ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE